UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| TATIANA KOUZNETSOVA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 CV 04490 |
| | ) | |
| v. | ) | Judge Charles P. Kocoras |
| | ) | |
| UNIVERSITY OF ILLINOIS AT CHICAGO | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT OF EMPLOYMENT DISCRIMINATION**

NOW COMES Defendant UNIVERSITY OF ILLINOIS AT CHICAGO ("UIC")[1] by and through its attorney Martin P. Greene of the law firm of GREENE AND LETTS and answers plaintiff's Complaint as follows:

**ALLEGATION NO. 1**:

This is an action for employment discrimination.

**ANSWER**:

Defendant admits the allegation contained in this paragraph.

**ALLEGATION NO. 2**:

The plaintiff is Tatiana Kouznetsova of the County of Cook in the State of Illinois.

**ANSWER:**

Defendant admits that Tatiana Kouznetsova is the plaintiff in this action and admits

---

[1] Defendant states that the correct legal name for Defendant is "The Board of Trustees of the University of Illinois".

1

on information and belief she resides in the County of Cook in the State of Illinois.

**ALLEGATION NO. 3**:

The defendant is University of Illinois at Chicago, whose street address is 844 S. Wood Street, Chicago, Cook County, Illinois, 60612 and defendant's telephone number is (312) 996-0845.

**ANSWER:**

Defendant admits that one of its addresses is 840 S. Wood Street. Defendant admits the remaining allegations contained in this paragraph.

**ALLEGATION NO. 4**:

The plaintiff sought employment or was employed by the defendant at 840 S. Wood Street, Chicago, Cook County, Illinois, 60612.

**ANSWER:**

Defendant admits the allegations contained in this paragraph.

**ALLEGATION NO. 5**:

Plaintiff was hired and is still employed by the Defendant.

**ANSWER:**

Defendant admits the allegations contained in this paragraph.

**ALLEGATION NO. 6**:

The defendant discriminated against the plaintiff on or about, or beginning on or about September 01, 1994.

**ANSWER:**

Defendant denies the allegations contained in this paragraph.

**ALLEGATION NO. 7.1**:

(a) The defendant is not a federal governmental agency, and the plaintiff *has* filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

- (i) the United Stated Equal Employment Opportunity Commission on or about May 22, 2013.

- (ii) the Illinois Department of Human Rights, on or about June 22, 2012.

(b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. *YES*

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**ANSWER:**

7.1(a) (i)   Defendant admits that plaintiff filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about May 22, 2013.

7.1(a)(ii)   Defendant admits that Plaintiff filed a charge of discrimination against the Defendant with the Illinois Department of Human Rights ("IDHR") on or about June 22, 2012.

(b)   Defendant admits the allegations contained in this subparagraph. Defendant admits that it is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph.

**ALLEGATION NO. 8**:

The United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue,* which was received by the plaintiff April 22, 2014, a copy of which *Notice* is attached to this complaint.

**ANSWER:**

Defendant admits that the EEOC issued a *Dismissal and Notice of Rights* and that a copy of the *Notice* is attached to the Complaint. Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations contained in this paragraph.

**ALLEGATION NO. 9**:

The defendant discriminated against the plaintiff because of the plaintiff's National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981) and Sex (Title VII of the Civil Rights Act of 1964)

**ANSWER:**

Defendant denies the allegations contained in this paragraph.

**ALLEGATION NO. 10**:

If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**ANSWER:**

Defendant admits that it is a state agency. Defendant denies the remaining

allegations contained in this paragraph

**ALLEGATION NO. 11**:

Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. 1331, 28 U.S.C.1343 (a)(3), and 42 U.S.C. 2000e-5(f)(3); for 42 U.S.C. 1981 and §1983 by 42 U.S.C.1988; for the A.D.E.A. by 42 U.S.C.12117; for the Rehabilitation Act, 29 U.S.C. § 791.

**ANSWER:**

Defendant admits that plaintiff's Complaint seeks to invoke the Court's jurisdiction

pursuant to the statutes set out above. Defendant denies the violation of any of

said statutes.

**ALLEGATION NO. 12**:

The defendant terminated the plaintiff's employment; and failed to promote the plaintiff.

**ANSWER:**

Defendant denies the allegations contained in this paragraph.

**ALLEGATION NO. 13**:

The facts supporting the plaintiff's claim of discrimination are as follows:

> **ANSWER:**
>
> *See* attached supplemental answer to the plaintiff's attachment to her Complaint.

**ALLEGATION NO. 14**:

[AGE DISCRIMINATION ONLY] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

> **ANSWER:**
>
> Defendant makes no answer to the allegations contained in this paragraph as plaintiff does not make an Age Discrimination claim.

**ALLEGATION NO. 15**:

> The plaintiff demands that the case be tried by a jury. NO
>
> **ANSWER:**
>
> Defendant admits that plaintiff has not made a jury demand.

WHEREFORE, Defendant, UNIVERSITY OF ILLINOIS at CHICAGO, prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein and further award its costs incurred herein.

## **SUPPLEMENTAL ANSWER TO THE PLAINTIFF'S ATTACHMENT TO HER COMPLAINT**

1. **Date:** June 2, 2014

   **From:** Tatiana Kouznetsova, 1130 S. Michigan, Apartment 4205, Chicago, IL 60605

   **Subj:** Gender-based & national origin discrimination; terminated the plaintiff's employment, and a case of potential fraud by the University of Illinois at Chicago (my employer), under paid salary without pension for 6 years, no W-2 forms (September 1994 through March 2000), UIC fired me twice without my knowledge, and several unofficial changes in the UIC official documents between September 1994-March 2000 relevant to tempering of Documents.

   **Ref.:**
   - EEOC Letter dated April 17, 2014 received on April 21, 2014 EEO Charge # 21B-2012-01952: Determination: The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. Notice to SUIT Rights within 90 days of your receipt of this notice

   - EEOC letter dated May 22, 2013 EEOC # 21B-2012-01952

   - State of Illinois Department of Human Rights Charge # 2012CF3694 letter dated August 20, 2013

   **TO:** U.S. District Court, Northern District of Illinois, Eastern Division at Chicago, 219 S.
   Dearborn Street, Chicago, IL 60604

   **ANSWER:**

   To the extent the foregoing paragraphs seek to make allegations of claims against Defendant, Defendant denies each and every such allegation and claim set out therein.

   **Timeline**

2. I inquired about my retirement plan in 2011 with the UIC – SURS (retirement plan);

   Defendant is unclear as to the meaning of the allegations set forth in this paragraph. Therefore, Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph. Defendant further states that Defendant does not manage or administer Plaintiff's retirement plan. Rather, The State Universities Retirement System ("SURS") manages and administers

Plaintiff's retirement benefits. SURS is a wholly separate entity from the Defendant.

3. [T]hey provided documents which indicated that I started working with UIC from March 2000 through present time but in fact I started as fulltime Visiting Scholar from September 1, 1994.

   **ANSWER:**

   Defendant is unclear as to whom Plaintiff is referring to by the use of the term, "They". Defendant lacks sufficient knowledge or information as to the precise documents, if any, provided to Plaintiff. Defendant further states that Plaintiff worked for Defendant at certain times from 1994 to the present in different capacities. Defendant denies any remaining allegations in this paragraph.

4. I paid $55 to Illinois Department of Revenue IL-4506 Request for Copy of Tax Return and received all documents dated March 27, 2012 from September 1, 1994 through March 2000.

   **ANSWER:**

   On information and belief, plaintiff paid $55.00 to the Illinois Department of Revenue. Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations contained in this paragraph.

5. On January 30, 2012 I paid fee to Attorney named Catherine Simmons-Gill, LLC to evaluate my UIC appointment documents.

   **ANSWER:**

   Defendant lacks sufficient knowledge or information regarding the allegations contained in this paragraph.

6. On March 14, 2012 attorney forwarded her evaluation of my case. Attorney wrote "**A Potential Fraud Claim,** both for the failure to keep you in the pension plan and for possible underpayment of you can be pursued for five years from the date of discovery **735 ILCS 5/13-205.**

   **ANSWER:**

   Defendant lacks sufficient knowledge or information regarding when an attorney forwarded information to plaintiff. Defendant denies the remaining allegations contained in this paragraph.

7. At this time I was have few documents which I gave to my attorney. Later on I received other documents from UIC showed tampering of my official documents.

**ANSWER:**

Defendant denies that it engaged in any tampering. Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations contained in this paragraph**.**

8. I worked at the University of Illinois at Chicago (UIC), Department of Medicine, Section of Endocrinology as a Visiting Scholar (academic appointment with UIC) from September 1, 1994 through March 2004 for which the UIC never paid me 100% salary, there was no pension for about 6 years, no W-2 forms, and without any medical insurance.

   **ANSWER:**

   Defendant denies the allegations contained in this paragraph.

9. The employer fired me twice without my knowledge and someone else sign for me which I came to know in March 2012 when I got these documents.

   **ANSWER:**

   Defendant denies the allegations contained in this paragraph.

10. According to the ***INS Policy the initial salary was supposed to be for H1 B visa was $24,000/ year*** but the UIC paid me approximately range 9,000-9,500 each year for about 6 years.

    **ANSWER:**

    Defendant is unclear as to the meaning of the allegations set forth in this paragraph. Therefore, Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph.

11. W-2 forms not issued by the UIC.

    **ANSWER:**

    Defendant denies the allegations contained in this paragraph.

12. I am immigrant from Russia.

    **ANSWER:**

    On information and belief, Defendant admits the allegations in this paragraph.

13. I received H1B Visa" and later on after many publications, I received Special Green Card called "National Interest" in year 1999 and now my job title is Research Specialist since year 2004.

    **ANSWER:**

    Defendant admits that plaintiff has a green card and her current job title is Research Specialist. Defendant is unclear as to the meaning of the remaining allegations set forth in this paragraph. Therefore, Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations contained in this paragraph.

14. I have a strong feeling that this is a case of potential fraud by my employer the UIC because other employee in my department getting better salary and UIC took advantage of my lack of English understanding at that time.

    **ANSWER:**

    Defendant admits that not all employees in plaintiff's department received the same salary. Defendant denies the remaining allegations contained in this paragraph.

15. My husband died in June 2004. I was sexual assault in September 10, 2002 at the UIC and now I am patient of PTSD (post-traumatic stress disorder).

    **ANSWER:**

    Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph.

16. LISA MADIGAN, Illinois Attorney General, Consumer Fraud Bureau advice I to complaint report to State of Illinois Department of Human Rights (IDHR) in May 2012.

    **ANSWER:**

    Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph.

17. Prior to report compliant to State of Illinois Department of Human Rights I worked with the UIC Human Resource and UIC legal services to resolve this issue.

    **ANSWER:**

    Defendant denies the allegations contained in this paragraph.

**18.** The UIC told me to hire attorney. They are not going to talk with me because all my documents are with UIC attorney office.

   **ANSWER:**

   Defendant denies the allegations contained in this paragraph.

**19.** On June 18, 2012 I hand delivers my compliant to IDHR Chicago Office. It was my first letter of complaint to IDHR.

   **ANSWER:**

   Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph.

**20.** I received letter from IDHR dated 6/19/2012 from Donald Kamm, Office for access and equity (M/C 602) 809 S. Marshfield Ave., Chicago, Illinois 60612 denying all charges of discrimination and fraud.

   **ANSWER:**

   Defendant is unclear as to the meaning of the allegations set forth in this paragraph. Therefore, Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph. Defendant further denies that it discriminated against plaintiff or committed fraud upon plaintiff.

**21.** I responded back to IDHR dismissing to accept their denial.

   **ANSWER:**

   Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph.

**22.** I am sorry to say that the State of Illinois Department of Human Rights did not properly review my complaints and substantial evidences to make justice with me.

   **ANSWER:**

   Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph.

**23.** I totally rejected this report because it was one sided and investigator from State of Illinois Department of Human Rights was unable to understand nature of my unique research work for UIC appointed me as "Visiting Scholar" and USA government gave me Special Green Card called "National Interest" in year 1999.

Whenever I spoke with investigator Tracey Pitz, she did not have any ideas what I am talking about.

**ANSWER:**

Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph.

24. Initially I submitted compliant on June 19, 2012 with all relevant documents to State of Illinois Department of Human Rights, Chicago branch.

**ANSWER:**

Defendant admits plaintiff filed a charge of discrimination with IDHR on or about June 19, 2012. Defendant denies the remaining allegations in this paragraph.

25. I received response from State of Illinois Department of Human Rights on August 23, 2012 to response UIC Office for Access & Equality.

**ANSWER:**

Defendant is unclear as to the meaning of the allegations set forth in this paragraph. Therefore, Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph.

26. I personally submitted my response to State of Illinois Department of Human Rights on August 24, 2012.

**ANSWER:**

Defendant lacks sufficient knowledge or information regarding the allegations contained in this paragraph.

27. I received call at home on Wednesday November 21, 2012 from Illinois Human Rights Department at Chicago downtown office *Tracey Pitts* (312-814-2537) to come on Tuesday November 27, 2012 to discuss about this case.

**ANSWER:**

Defendant lacks sufficient knowledge or information regarding the allegations contained in this paragraph.

28. Tatiana met her on appointment date but UIC attorney did not show up.

**ANSWER:**

Defendant lacks sufficient knowledge or information regarding the allegations contained in this paragraph.

29. Tracey had given me next appointment on December 18, 2012. Sorry to say investigator *Tracey* did not know about my case and told me to hire attorney and she provided list of attorney to me.

    **ANSWER:**

    Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph.

30. First time I meet Respondent Sharon Frazier, Director Human Resource, Department of Medicine c/o Donald Kamm UIC in January 2013.

    **ANSWER:**

    Defendant is unclear as to the meaning of the allegations set forth in this paragraph. Therefore, Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph.

31. Sharon Frazier told me about settlement in amount of $18,000 which I refused.

    **ANSWER:**
    Defendant denies the allegations contained in this paragraph.

32. According to Supervisor Sophia, State of Illinois Department of Human Rights requested me to rebottle my complaint statement according to current scenario.

    **ANSWER:**

    Defendant is unclear as to the meaning of the allegations set forth in this paragraph. Therefore, Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph.

33. I personally drop off rebottle letter to State of Illinois Department of Human Rights Office on January 15, 2013.

    **ANSWER:**

    Defendant is unclear as to the meaning of the allegations set forth in this paragraph. Therefore, Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph.

34. I received response from IDHR dated April 30, 2013 received through certified mail on May 14, 2013 (envelop stamp date May 13, 2013).

**ANSWER:**

Defendant admits that the IDHR sent plaintiff a letter dated April 30, 2013, regarding her discrimination charge. Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations contained in this paragraph.

35. I spoke with U.S. Equal Employment Opportunity Commission (EEOC), Chicago District Office with Teresa at 312-869-8011.

    **ANSWER:**

    Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph.

36. The EEOC Office Teresa told me to let IDHR office know that EEOC Office also needs a copy of your letter along with my entire official documents related to my complaints and sent to attention "Regina Hagins" at EEOC Office.

    **ANSWER:**

    Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph.

37. The IDHR letter recommended to "Complaint or Civil Action Filing Dates: 09/18/13 through 12/16/13" I forwarded copy of this letter to EEOC and IDHR on May 17, 2013.

    **ANSWER:**

    Defendant is unclear as to the meaning of the allegations set forth in this paragraph. Therefore, Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph.

38. I received another letter from IDHR dated August 20, 2013, entitled "NOTICE OF DISMISSAL FOR LACK OF SUBSTANTIAL EVIDENCE" which I received on August 22, 2013.

    **ANSWER:**

    On information and belief, Defendant admits the allegations contained in this paragraph.

39. EEOC Chicago District Office suggested me to forward all documents related to this case including State of Illinois Department of Human Rights Charge memo dated August 20, 2013 within two weeks.

**ANSWER:**

Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph.

40. I responded "substantial weight review" letter on August 27, 2013 to EEOC John P. Rowe, District Director.

**ANSWER:**

Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph.

41. I received final letter from EEOC dated April 17, 2014 which was received April 22, 2014 entitled "Dismissal and Notice of Right" the EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

**ANSWER:**

Defendant admits that the EEOC issued a Dismissal and Notice of Rights and that a copy of the Notice is attached to the Complaint. Defendant lacks sufficient knowledge or information as to the truth of the remaining allegations contained in this paragraph.

42. This letter also mentioned "Filing Suit in Court of Competent Jurisdiction" within 90 days of issuance of this letter.

**ANSWER:**

Defendant denies the allegations contained in this paragraph. Defendant submits that the EEOC letter dated April 17, 2014, is attached to plaintiff's complaint and that said letter speaks for itself.

43. *The facts supporting the plaintiff's claim of discrimination and a potential fraud as below:*

   1. *The UIC mentioned during IDHR investigation that I started working with UIC after 2000 while I have documentation that I started the UIC employment from September 1, 1994. My publications are indicating that I am employee at the UIC.*

**ANSWER:**

Defendant denies the allegations contained in this subparagraph.

2. *Why UIC did not give me W2 forms, retirement, and health benefits during September 1, 1994 through year 2000?*

**ANSWER:**

Defendant denies the allegations contained in this subparagraph.

3. *How I became research specialist in year 2004 from visiting scholar since 1994?*

**ANSWER:**

Defendant denies the allegations contained in this subparagraph.

4. *IDHR investigated this case one sided including only UIC perspective and not much consultation was done with me.*

**ANSWER:**

Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this subparagraph.

44. This is a case of potential fraud, discrimination, and tampering of my documents by UIC human resource. I am requesting justice through court.

**ANSWER:**

Defendant denies the allegations contained in this paragraph.

45. *I cannot afford an attorney; I am requesting court to use its jurisdiction to assist me to obtain a lawyer.*

**ANSWER:**

Defendant lacks sufficient knowledge or information as to the truth of the allegations contained in this paragraph.

WHEREFORE, Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS incorrectly named as UNIVERSITY OF ILLINOIS at CHICAGO, prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein and further award its costs incurred herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim to relief that is plausible on its face in that it does not sufficiently plead facts to show the defendant is liable for the misconduct alleged.

WHEREFORE, Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS incorrectly named as UNIVERSITY OF ILLINOIS at CHICAGO, prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein and further award its costs incurred herein.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim of Title VII discrimination should be dismissed because the employment practices and/or decisions plaintiff challenges are justified by legitimate, non-discriminatory and non-pretextual reasons.

WHEREFORE, Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS incorrectly named as UNIVERSITY OF ILLINOIS at CHICAGO, prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein and further award its costs incurred herein.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims of discrimination should be dismissed because she has failed to plead a *prima facie* case of sex, national origin or pay discrimination.

WHEREFORE, Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS incorrectly named as UNIVERSITY OF ILLINOIS at CHICAGO, prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein and further award its costs incurred herein.

**FOURTH AFFIRMATIVE DEFENSE**

All acts of alleged Title VII discrimination that do not fall within 300 days of the filing of the charge of discrimination are time barred.

WHEREFORE, Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS incorrectly named as UNIVERSITY OF ILLINOIS at CHICAGO, prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein and further award its costs incurred herein.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that plaintiff asserts any other claims that fall outside of the applicable statute of limitations for such claims, those claims are barred.

WHEREFORE, Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS incorrectly named as UNIVERSITY OF ILLINOIS at CHICAGO, prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein and further award its costs incurred herein.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint fails to sufficiently plead that the acts alleged were part of a custom, policy or practice of discrimination in violation of 42 U.S.C. Section 1981 and 1983.

WHEREFORE, Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS incorrectly named as UNIVERSITY OF ILLINOIS at CHICAGO, prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein and further award its costs incurred herein.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that plaintiff seeks to assert claims in addition to employment discrimination claims, her inexcusable delay in filing her lawsuit, coupled with the resulting material prejudice to Defendant, constitute laches and warrants the dismissal of this matter.

WHEREFORE, Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS incorrectly named as UNIVERSITY OF ILLINOIS at CHICAGO, prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein and further award its costs incurred herein.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claim regarding common law fraud should be dismissed because she has failed to plead her fraud claim with sufficient particularity as required under Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b).

WHEREFORE, Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS incorrectly named as UNIVERSITY OF ILLINOIS at CHICAGO, prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein and further award its costs incurred herein.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that plaintiff seeks to assert a claim for unpaid retirement benefits, she has failed to name the proper party in her Complaint.

WHEREFORE, Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY

OF ILLINOIS incorrectly named as UNIVERSITY OF ILLINOIS at CHICAGO, prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein and further award its costs incurred herein.

### TENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to plead additional affirmative defenses if discovery reveals a factual basis for such defenses.

WHEREFORE, Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS incorrectly named as UNIVERSITY OF ILLINOIS at CHICAGO, prays this Honorable Court to strike plaintiff's Complaint and dismiss any cause of action stated therein and further award its costs incurred herein.

Respectfully submitted**:**

/s/ Martin P. Greene
Martin P. Greene

Martin P. Greene
GREENE AND LETTS
Attorneys for Defendant
55 W. Monroe, Suite 600
Chicago, Illinois 60603
mpgreene@greeneandletts.com

Phone: 312-346-1100
Fax: 312-346-4571

X:\U.I.C\KOUZNETSOVA - 0038-00051\PLEADINGS\08 25 14 Answer and Affirmative Defenses to Complaint - Kouznetsova v UIC final (5).docx