IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TATIANA KOUZNETSOVA, ) | |
| ) | Case No.: 14-cv-04490 |
| Plaintiff, ) | |
| ) | Judge Charles P. Kocoras |
| vs. ) | |
| ) | Magistrate Judge Michael T. Mason |
| UNIVERSITY OF ILLINOIS AT ) | |
| CHICAGO, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

An objective review of this case demonstrates that summary judgment in favor of the Defendant, UNIVERSITY OF ILLINOIS AT CHICAGO[1] ("University") should be granted. In her Response to the motion for summary judgment, Plaintiff has failed to comply with Local Rule 56.1(b), which governs motions for summary judgment in the Northern District of Illinois. Instead, Plaintiff, in her Response, advances strained and flawed arguments that are not supported by admissible evidence as required by Local Rule 56.1(b).

In reviewing the substance of the allegations at issue in this motion for summary judgment, there is absolutely no direct or indirect evidence of discrimination in this case. Instead, the record establishes that: (1) Plaintiff has not suffered an adverse employment action; (2) Plaintiff has never been treated unfairly in comparison to similarly-situated employees not in her protected class; and (3) the University's reasons for any differences in wages between Plaintiff and similarly-situated employees not in her protected class are

---
[1] The correct legal name for Defendant is "The Board of Trustees of the University of Illinois".

1

legitimate, non-discriminatory and not a pretext for discrimination. In short, whether reviewing the form of her Response or the substance of her Response, Plaintiff has failed to create a genuine issue of material fact and summary judgment should be granted in favor of the University.

## ARGUMENT

### I. PLAINTIFF'S RESPONSE FAILS TO COMPLY WITH LOCAL RULE 56.1(b)

In her Response to the motion for summary judgment, Plaintiff has failed to comply with Local Rule 56.1(b), which governs motions for summary judgment in the Northern District of Illinois. The obligation set forth in Local Rule 56.1 is not a mere formality. Rather, it follows from the obligation imposed by Fed. R. Civ. P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial. *Delapaz v. Richardson*, 634 F.3d 895, 901 (7th Cir. 2011). Local Rule 56.1(b) requires that Plaintiff, as the non-moving party, respond to each numbered paragraph in the University's 56.1(a)(3) Statement of Undisputed Material Facts. LR 56.1(b)(3). Plaintiff must either dispute/deny or admit each of the University's factual statements. LR 56.1(b)(3). If Plaintiff disputes the recited factual statement, she must provide a short concise explanation of the factual dispute supported by corresponding and specific citations to record evidence. LR 56.1(b)(3); *McGuire v. UPS*, 152 F.3d 673, 674 (7th Cir. 1998). Plaintiff has not complied with these requirements.

The University in preparing this motion for summary judgment complied with the rules and filed its statement of uncontested material facts pursuant to Local Rule 56.1, and filed its "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by Local Rule 56.2. This Notice clearly explains the requirements of the Local

Rules to the Plaintiff and warns Plaintiff that her failure to controvert the facts as set forth in the University's 56.1 statement of uncontested facts will result in those facts being deemed admitted. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

### A. PLAINTIFF DOES NOT PROPERLY DENY FACTS.

The University filed a thorough sixty-five paragraph Statement of Undisputed Material Facts. In her Response, Plaintiff ignored this Statement and created her own method by which she advanced her erratic theories. Plaintiff's responses, highlighted in red, demonstrate that: (1) Plaintiff failed to admit or deny the factual allegations contained in the University's 56.1 statement; (2) Plaintiff failed to substantiate any of her own allegations with citations to the record; and (3) most of Plaintiff's factual allegations contained in the Response are wholly unrelated to the substance of the allegations in this case. The Seventh Circuit has consistently held that a plaintiff's response that does not deny the allegations in the numbered paragraphs with citations to supporting evidence in the record constitutes an admission, *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 871 (7th Cir. 2000); *Micas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 689 (7th Cir. 2000); *McGuire*, 152 F.3d at 675; *See also Smith Lamz*, 321 F.3d 680, 683 (7th Cir. 2003), and Plaintiff's Response should be handled consistent with this precedent. As a result, the factual allegations contained in the University's 56.1 statement should be deemed admitted by the Plaintiff.

### B. PLAINTIFF DID NOT FILE A STATEMENT OF ADDITIONAL FACTS.

Many of Plaintiff's allegations, which are highlighted in red of her Response, represent additional facts that she has failed to support with a separate Local Rule

3

56.1(b)(3)(c) Statement of Additional Facts.[2] Local Rule 56.1(b)(3)(c) is the proper vehicle through which a non-moving party may set forth additional facts that bear on the ultimate questions of fact and create a genuine issue of material fact. L.R. 56.1(b)(3)(c); *McGuire*, 152 F.3d at 675; *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 644 (7th Cir. 2008). The Seventh Circuit has held that additional facts advanced in a plaintiff's response, but not set out in a Local Rule 56.1(b)(3)(c) Statement of Additional Facts, will not be considered. *Ross v. Cal. Cas. Indem. Exch.*, No. 11 C 0513 (N.D. Ill. May 29, 2013); *Ciomber*, 527 F.3d at 644.; *See also Cichon v. Exelon Generation Co., LLC*, 401 F.3d 803, 809 (7th Cir. 2005)(upholding district court's refusal to consider facts contained only in non-moving party's response to moving party's statement of facts). Accordingly, the Court should deem the University's Statement of Undisputed Material Facts admitted in its entirety and disregard and/or strike the additional facts advanced by Plaintiff in her Response as they are not properly included in a 56.1(b)(3)(c) Statement of Additional Facts.

## II. Summary Judgment Is Appropriate on All Claims Encompassed By The Complaint

As argued in our opening Memorandum in support of summary judgment, since filing this lawsuit Plaintiff has failed to identify and establish with evidence how the University discriminated against her. In Plaintiff's first appearance in this case, this Court explained to Plaintiff the task of litigating this case, and she admitted she had no claim against the University. When asked by the Court, "[a]nd how do you think you have been discriminated against? Because you are Russian?" Plaintiff responded, "[y]ou know,

---

[2] The University is forced to cite directly to the record in its Reply to respond to new factual allegations made in Plaintiff's Response because: (1) Plaintiff has failed to file a Local Rule 56.1 (b)(3)(c) Statement of Additional Facts; (2) Plaintiff improperly asserted additional facts in her Response to the University's Local Rule 56.1 (a)(3) Statement of Undisputed Material Facts and (3) the University is not permitted to file a rebuttal to Plaintiff's new factual allegations that are not contained in a Local Rule 56.1(b)(3) Statement of Additional Facts.

4

what? I even don't know." (Transcript Of Proceedings, a copy of which is attached hereto as Exhibit A, at 10, August 21, 2014). This Court went on to explain to Plaintiff that she needed "a certain reason why you think you have been discriminated against. And that reason has to be contained in the statute." *Id.* at 11. To date, however, plaintiff has failed to identify and establish with evidence a basis for the discrimination that is contained in the statute.

Rather than actively litigate her case, Plaintiff has systematically refused to cooperate in this litigation. In our second appearance, counsel for the University reported to this Court the difficulty counsel was having in getting Plaintiff to cooperate with discovery. (Transcript Of Proceedings, a copy of which is attached hereto as Exhibit B, at 3-5, November 13, 2014). In an appearance on January 13, 2015, this Court reminded plaintiff that she had the right to discovery and to depose witnesses, and this Court confirmed she understood those rights. (Transcript Of Proceedings, a copy of which is attached hereto as Exhibit C, at 3-5, January 13, 2015). To date, however, Plaintiff has chosen not to conduct discovery and not to depose a single witness.

In a subsequent proceeding, on May 12, 2015, after the close of discovery, counsel for the University suggested that two sides work with the Magistrate Judge in hopes of settling this case. (Transcript Of Proceedings, a copy of which is attached hereto as Exhibit D, at 2-4, May 12, 2015). After Plaintiff was appointed settlement counsel and the University expended valuable time and resources in preparation for a settlement conference, Plaintiff refused to sit in a non-binding settlement conference and engage in discussion to see if a voluntary settlement could be reached. (Transcript Of Proceedings, a copy of which is attached hereto as Exhibit E, at 2-6, September 24, 2015). In light of

5

such egregious behavior by Plaintiff, even this Court commented to the Plaintiff that "an opportunity [was lost] to resolve the case" *Id.* at 7.

While refusing to actively litigate this case, plaintiff has also created and maintained conflicts with other employees in her work environment, and has continued to be insubordinate with her supervisor. (LR 56.1, at ¶ 53). Plaintiff's behavior at work had become so erratic and hostile, that on May 27, 2015, Magistrate Judge Mason specifically admonished Plaintiff, at the request of counsel for the University, to "bite [her] tongue." (Transcript Of Proceedings, a copy of which is attached hereto as Exhibit F, at 4, May 27, 2015). Plaintiff did not heed this Court's admonition, however, and, as of the filing of the brief, Plaintiff continues to be a constant distraction in her work environment. Indeed, there is ample evidence in this case to establish that Plaintiff's sole reason for initiating and maintaining this lawsuit is to harass the University. (*See generally* LR 56.1, at ¶ ¶ 51-65).

### A. Summary Judgment Is Appropriate on All Claims Described in the Complaint That Are Outside of the Charges Presented before the IDHR.

As set out in our opening Memorandum in support of summary judgment, on or about June 22, 2012, plaintiff filed her charge before the Illinois Department of Human Rights ("IDHR"). (LR 56.1, at ¶ 5). The particulars of her charge include the following:

   I. Unequal wages from January 2000 to June 19, 2012 because of national origin Russia.
  II. Unequal wages from January 2000 to June 19, 2012 because of sex, female.
 III. Unequal terms and conditions in regards to pension benefits from January 2000 to June 19, 2012 because of national origin, Russia.
  IV. Unequal terms and conditions in regard to pension benefits from January 2000 to June 19, 2012 because of sex, female.

6

(LR 56.1, at ¶ 6). On or about May 22, 2013, plaintiff filed her charge of discrimination before the EEOC claiming precisely the same issues as she did before the IDHR. (LR 56.1, at ¶ 8). In Plaintiff's federal complaint, however, Plaintiff goes further than these original claims and adds additional claims including: a) a claim of failure to promote; b) a claim of wrongful termination; c) a claim of fraud alleging the University tampered with her employment documents; d) a claim of discrimination going back to when she first started working at the University in 1994 for the alleged denial of medical insurance; e) a claim of being fired without her knowledge on two occasions, and; f) a claim of being denied her full salary during her early years at the University.

Plaintiff's EEOC charge is completely silent as to any allegations that would reasonably direct an investigation into whether the University denied the plaintiff medical insurance, terminated her employment without her knowledge or denied plaintiff promotional opportunities. This Court should bar these newly asserted claims, therefore, for failure to exhaust administrative remedies.

Additionally, upon review of the record in this case, summary judgment for the University on Plaintiff's common-law fraud claim is appropriate because Plaintiff cannot establish any of the elements of common-law fraud. Plaintiff has failed to establish not only the who, what, when, where and how of fraud, but also has failed to adduce evidence that: (1) the University ever tampered with any of the Plaintiff's documents; (2) the University tampered with documents intentionally to induce anyone to rely on the tampering; (3) anyone relied upon the tampering; or (4) Plaintiff was damaged as a result of the tampering. As a result, the University is entitled to judgment as a matter of law on this fraud claim.

Finally, Title VII provides that a charge of employment discrimination must be filed within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); *see Mohasco Corp. v. Silver*, 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980); *Roney v. Ill. Dept. of Transp.*, 474 F.3d 455, 460 (7th Cir.2007). Applying the 300-day statute of limitations to the facts of this case, any claims of injury occurring before August 26, 2011 are time-barred. It follows, therefore, that summary judgment should be entered in favor of the University on any claims seeking recovery for any alleged injury that occurred prior to August 26, 2011. (LR 56.1, at ¶ 13).

In summary, whether for failure to exhaust administrative remedies, failure to plead with particularity and present evidence or being outside the statute of limitations, these additional claims are not properly before this Court, and, as a result, summary judgment in favor of the University is appropriate on each of these claims.

### B. Summary Judgment Is Appropriate On Charges Presented Before The IDHR

In opposing a motion for summary judgment, discrimination claims can be established in one of two ways: the direct and indirect methods of proof. *See Tank v. T-Mobile USA, Inc.*, 758 F.3d 800, 805 (7th Cir.2014); *Nancify v. Ill. Dept. of Human Servs.*, 697 F.3d 504, 509 (7th Cir.2012). Under the direct method, "the plaintiff must present either direct or circumstantial evidence of discrimination in her opposition to summary judgment." *Id.* at 841. Under either method, the evidence in the record must permit the trier of fact to find that unlawful discrimination caused an adverse employment action. *Id.*

In this case, there is absolutely no direct evidence of discrimination, and no circumstantial evidence of discrimination to be found in the record. Looking further at the elements of proof required under the indirect method, there is no evidence to establish

8

that Plaintiff received unequal wages because of her gender or because of her national origin. Instead, the record establishes that: (1) the Plaintiff has not suffered an adverse employment action and (2) the Plaintiff has never been treated unfairly in comparison to similarly-situated employees not in her protected class. (LR 56.1, at ¶¶ 46-50).

Even if Plaintiff could make out a prima face case of discrimination, which she absolutely cannot do, the record establishes that University's reasons for the differences in wages between plaintiff and similarly-situated employees not in her protected class are legitimate, non-discriminatory and not a pretext for discrimination. (LR 56.1, at ¶¶ 31-40). Therefore, in evaluating all of the evidence, no reasonable jury could conclude that the University discriminated against Plaintiff by providing her with unequal pay because of her national origin or gender. As a result, summary judgment should be granted in favor of the University on both Plaintiff's claims of unequal pay.

Finally, summary judgment also is appropriate in regard to Plaintiff's claim that she was subjected to unequal terms and conditions or denied pension benefits because of her national origin or gender. It is undisputed that University pension benefits are administered by the State Universities Retirement System ("SURS"), a separate legal entity from the University. (LR 56.1, at ¶ 41). There is no evidence in this case suggesting that the University exercises control or has any influence over SURS. Instead, the evidence in this case establishes that the Plaintiff never applied for retirement and, as a result, was never denied any benefits. (LR 56.1, at ¶ 45). As a result, considering all the facts in the case and resolving all reasonable inferences in favor of plaintiff, there is insufficient evidence such that a reasonable jury could find in favor of the Plaintiff that the University subjected Plaintiff to different pension benefits or denied her pension benefits

on the basis of her national origin or gender.  As a result, summary judgment in favor of the University on this issue should be granted.

## **CONCLUSION**

For all the reasons stated herein, Defendant, THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS incorrectly named as UNIVERSITY OF ILLINOIS at CHICAGO, respectfully prays this Honorable Court grant its motion for summary judgment in its favor.

        Respectfully Submitted,

        UNIVERSITY OF ILLINOIS AT CHICAGO


        /s Martin P. Greene_____
            Martin P. Greene


Martin P. Greene
William C. Martin
GREENE AND LETTS
Attorneys for the Defendant
55 West Monroe St., Suite 600
Chicago, Illinois 60603
(312) 346-1100
mpgreene@greeneandletts.com
wcmartin@greeneandletts.com